# SUPREME JUDICIAL COURT

FOR THE

## COUNTIES OF SUFFOLK AND NANTUCKET, MARCH TERM 1858, AT BOSTON.

PRESENT :

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. GEORGE T. BIGELOW, } Justices.
Hon. BENJAMIN F. THOMAS,

---

OWEN G. PEABODY *vs.* PRESIDENT AND FELLOWS OF HARVARD COLLEGE.

If a trustee having power to sell, but not to mortgage, mortgages the trust estate, the remedy of any one claiming, either in his own right or as trustee, under the *cestui que trust* is at law and not in equity.

BILL IN EQUITY, alleging that by indenture between Jane B. Glover, William H. Montague and John B. Glover, the said Jane, in anticipation of her marriage with said William, conveyed to said John certain real estate, in trust, among other things, that he " shall and may bargain, sell and convey, assign and dispose of all and singular the above granted premises, from time to time, whenever they the said William H. and Jane shall by joint writing under their hands and seals so direct, and the

proceeds of such sale or sales invest in such other manner, in personal securities or in real estate, to the same uses and upon the same trusts herein declared of and concerning the above granted premises;" that said Jane and William shortly after intermarried, and John assumed the office of trustee, and at their direction by joint writing under their hands and seals, executed and delivered mortgages of this real estate to the defendants; that those mortgages were unauthorized and void; and that Jane afterwards, under a power of appointment reserved in the marriage settlement, devised said real estate to the plaintiff, to hold in trust for her children, and died. . The bill prayed for a decree, instructing the plaintiff in the performance of his duties as trustee, and declaring how and to what extent the mortgages created a lien upon the property, and for further relief.

Answer, that the mortgages were within the power given to the trustee in the clause above set forth, and were made in the execution of the trust in good faith for valuable consideration, and vested a good title in the defendants as against the plaintiffs; and that the plaintiff was not entitled to relief in equity, but had a plain, adequate and complete remedy at law.

This case was argued at November term 1857.

*O. G. Peabody, pro se.*

*E. Merwin,* for the defendants.

DEWEY, J.*  In the opinion of the court the questions discussed in this case would more properly arise in an action at law.  If the views of the plaintiff are sound as to the rights of the respective parties,· the plaintiff has a plain, adequate and complete remedy at law, as· is alleged in the answer.  The estate claimed by the plaintiff is a legal estate, properly the subject of a writ of entry, and this is only the ordinary case of a controverted title to real estate.

The fact that the plaintiff holds the estate as trustee does not change the proper jurisdiction as between him and a third party, claiming by an adverse title inconsistent with and independent of that of the plaintiff.  We think the bill should be dismissed

---

* SHAW, C. J. did not sit in this case.

without prejudice, leaving the plaintiff to pursue his remedy by an action at law, if he elects so to do.

*Bill dismissed, without prejudice.*